J-S22014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CARLOS MARTINEZ-DIAZ :
:
Appellant : No. 1320 MDA 2024

Appeal from the PCRA Order Entered August 26, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005162-2017

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.: **FILED: NOVEMBER 20, 2025**

Carlos Martinez-Diaz ("Diaz") appeals, pro se, from the order, entered in the Court of Common Pleas of Berks County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] As Diaz has waived all of his claims on appeal, we affirm.

The PCRA court set forth the factual and procedural history of this matter as follows:

On June 7, 2018, a jury found Diaz guilty of two counts of corrupt organizations, one count of criminal use of [a] communication facility, two counts of conspiracy to commit delivery of a controlled substance[,] and six counts of delivery of a controlled

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

substance.[2]  On June 8, 2018, Diaz was ordered to serve an aggregate sentence of 18½ years to 60 years in a state correctional facility.  On June 20, 2018, Diaz filed a pro se post-sentence motion[,] which [the trial] court declined to address[,] as Diaz was represented by counsel.  On August 21, 2018, [with the agreement of the parties,] Diaz's sentences on two counts of delivery of a controlled substance were amended to remedy an illegal sentence.  As a result, Diaz's total sentence was reduced to a term of 18½ to 50 years[' incarceration].

On November 9, 2018, Diaz filed a notice of appeal to the Pennsylvania Superior Court from [the trial] court's order of October 11, 2018.  Th[e] court notes that there was no order dated October 11, 2018.  On November 16, 2018, [the trial] court ordered Diaz to file a [Pa.R.A.P. 1925(b)] concise statement of [errors] complained of on appeal within 21 days[.]  On November 29, 2018, Diaz filed a pro se concise statement.  At that time, Diaz was represented by trial counsel, Jacob Gurwitz, Esquire ("Attorney Gurwitz").  In accordance with **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010), Diaz's concise statement was a legal nullity and not addressed by [the trial] court.

On December 7, 2018, Attorney Gurwitz filed a motion to withdraw as counsel[, which the trial court granted o]n December 12, 2018[.]  On December 14, 2018, Curtis Barnes, Esquire ("Attorney Barnes"), was appointed to represent Diaz on appeal. On January 14, 2019, Attorney Barnes filed a motion requesting a transcript of the [sentencing] hearing[,] and contemporaneously filed a motion requesting an extension of time to file a [Rule 1925(b)] statement.  On January 16, 2019, [the trial] court granted Attorney Barnes' request for additional time[.]

On March 5, 2019, due to Attorney Barnes' failure to file a docketing statement, the Superior Court remanded the [case] to [the trial] court to determine whether Attorney Barnes had abandoned Diaz.  In response, [the trial] court scheduled a

---

[2] In its Pa.R.A.P. 1925(a) opinion authored in connection with Diaz's direct appeal, nunc pro tunc, the trial court prepared a thorough summary of the facts established at trial in this case.  **See** Trial Court Opinion, 5/19/21, at 3-19.  We adopt the trial court's recitation of these facts and incorporate it as if fully set forth herein.  In brief, the charges in this case stem from an investigation into narcotics trafficking in and around the City of Reading, Berks County, which commenced in May 2017.

hearing for March 25, 2019. Attorney Barnes filed a docketing statement on March 12, 2019. On March 22, 2019, the Superior Court vacated the order of March 5, 2019, and directed [the trial] court to cancel all proceedings scheduled in connection [with] that order. As a result, no hearing took place.

On April 4, 2019, [the trial] court ordered Diaz to file a [Rule 1925(b)] statement [] within 10 days[.] On April 25, 2019, [the trial] court filed [a] statement in lieu of opinion informing the [] Superior Court that a counseled [Rule 1925(b)] statement had not been filed. On April 26, 2019, the Superior Court quashed Diaz's appeal as untimely and taken from a purported order that was not entered in the [trial] court.

On June 3, 2019, Diaz filed a pro se [PCRA petition.] . . . David Long, Esquire ("Attorney Long"), was appointed to represent Diaz[.]

On October 22, 2019, Attorney Long filed an amended PCRA petition[, in which Diaz claimed] that he wished to file an appeal after his conviction, but Attorney Gurwitz did not consult with him. [Following a hearing,] Diaz's post[-]sentence and direct appeal rights were [] reinstated on December 8, 2020, and[,] after various proceedings, a notice of appeal [nunc pro tunc] was filed on March 22, 2021. Diaz raised two issues on direct appeal: first, that the trial court abused its discretion in admitting exhibits connecting him to a telephone number used to make incriminating calls and texts, and[,] second, that the trial court abused its discretion in sentencing [Diaz].

On April 11, 2022, the Superior Court affirmed the judgment of sentence[.] On May 10, 2022, Diaz filed a timely petition for allowance of appeal[, which] the Pennsylvania Supreme Court denied[ on December 6, 2022.]

[] On January 8, 2024, Diaz caused to be docketed a pro se "Letter to Judge Re: Motion for PCRA[,]" which [was] dated December 28, 2023[,[3]] alleging that trial counsel had performed deficiently

_____

[33] As noted above, Diaz's direct appeal rights were reinstated, nunc pro tunc, and this Court affirmed his judgment of sentence on April 11, 2022. The Pennsylvania Supreme Court denied allowance of appeal on December 6, 2022 and Diaz did not file a petition for writ of certiorari with the United States
*(Footnote Continued Next Page)*

and alleging the Commonwealth withheld material evidence which would have incriminated Commonwealth witness Nelson Rivera, Jr.

On February 14, 2024, [] Douglas Waltman[, Esquire ("Attorney Waltman"),] was appointed to either file an amended PCRA petition or a [*Turner*/*Finley*[4]] "no[-]merit" letter requesting to withdraw. On June 10, 2024, Attorney Waltman filed a revised no-merit letter requesting leave of court to withdraw as counsel[.] Within his revised no-merit letter, Attorney Waltman stated that Diaz's claims [were] without merit. Attorney Waltman stated that there [was] nothing in the record or other materials reviewed to support any claim in the pro se letter or any other PCRA claim, and there [was] no indication that further investigation by counsel would be fruitful. After a careful, independent review of the record, the [PCRA] court agree[d] with Attorney Waltman.

PCRA Court Order and Notice of Intent to Dismiss, 7/17/24, at 1-5 (footnotes and unnecessary capitalization omitted; some formatting altered).

On July 17, 2024, the PCRA court issued its Pa.R.A.P. 907 notice of intent to dismiss Diaz's petition without a hearing, to which Diaz filed a response. The PCRA court dismissed Diaz's petition on August 26, 2024. Both

---

Supreme Court. As such, his judgment of sentence became final for purposes of the PCRA on March 6, 2023. *See* 42 Pa.C.S.A. § 9545(b)(3) (for purposes of PCRA, judgment of sentence becomes final at conclusion of direct review, including discretionary review in U.S. and Pennsylvania Supreme Courts, or at expiration of time for seeking review); U.S. Sup. Ct. R. 13 (petition for writ of certiorari timely when filed 90 days after entry of order denying discretionary review in state court of last resort). Accordingly, Diaz's pro se PCRA petition, filed January 8, 2024, was timely. *See* 42 Pa.C.S.A. § 9545(b)(1) (PCRA petition, including second and subsequent petitions, shall be filed within one year of date judgment becomes final).

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Diaz and the trial court have complied with Rule 1925. Diaz raises the following claims for our review:

> I. [Diaz] was denied effective assistance of counsel when PCRA counsel failed to allege all prior counsel were ineffective for failing to present a challenge to the sufficiency and/or weight of the evidence on direct appeal[.]
>
> II. Attorney Gurwitz was ineffective for failing to object to prejudicial testimony and jury instructions.
>
> III. The Commonwealth committed misconduct at trial when it failed to disclose Nelson Rivera[,] Jr.'s negotiated plea deal in violation of **Brady v. Maryland**[, 373 U.S. 83 (1963),] and when police illegally tracked Diaz.
>
> IV. [Diaz was] denied effective assistance of counsel because trial counsel failed to adequately investigate, uncover[,] and utilize evidence to impeach and rebut Commonwealth witness [] Rivera and failed to obtain[] a cautionary jury instruction with regard to this witness' credibility[.]
>
> V. Counsel failed to object to [an] improperly calculated illegal sentence.

Brief of Appellant, at 4.

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251, 1252 (Pa. Super. 2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). If the record supports a PCRA court's credibility determination, it is binding on the appellate court. **Commonwealth v. Dennis**, 17 A.3d 297, 305 (Pa. 2011).

Here, most of Diaz's claims allege the ineffectiveness of his prior counsel. "Counsel is presumed to have rendered effective assistance." **Commonwealth v. Hopkins**, 231 A.3d 855, 871 (Pa. Super. 2020). A PCRA petitioner must satisfy the test set forth in **Strickland v. Washington**, 466 U.S. 668, 687 (1984), and **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987), to prevail on an ineffective assistance claim. Specifically, "the petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." **Commonwealth v. Parrish**, 273 A.3d 989, 1003 n.11 (Pa. 2022) (citation omitted). A claim fails where "a petitioner fails to satisfy any of the three prongs of the ineffectiveness test[.]" **Id.** (citation omitted).

To be eligible for relief on a layered ineffectiveness claim, an appellant must plead and prove that:

> (1) trial counsel was ineffective for a certain action or failure to act; and (2) direct appeal counsel was ineffective for failing to raise trial counsel's ineffectiveness. As to each relevant layer of representation, appellant must meet all three prongs of the **Pierce** test for ineffectiveness. A failure to satisfy any of the three prongs of the **Pierce** test requires rejection of a claim of ineffective assistance of trial counsel, which, in turn, requires rejection of a layered claim of ineffective assistance of direct appeal counsel.

**Commonwealth v. Chmiel**, 30 A.3d 1111, 1128 (Pa. 2011) (citation omitted).

- 6 -

Diaz first raises a layered claim of ineffectiveness, asserting that PCRA counsel was ineffective[5] for failing to allege all prior counsel were ineffective for not challenging the sufficiency and/or weight of the evidence on direct appeal.

With regard to his sufficiency claim, Diaz failed to identify in his Rule 1925(b) statement which crime(s), and element(s) thereof, were unproven. "[A]n appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Stiles*, 143 A.3d 968, 982 (Pa. Super. 2016), quoting *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013); *see also* Pa.R.A.P. 1925(b)(4)(ii) ("[T]he Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issues to be raised for the judge."). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Garland*, 63 A.3d at 344. Failure to identify what specific elements the Commonwealth did not prove at trial in a Rule 1925(b) statement renders an appellant's sufficiency of the evidence claim waived for appellate review. *See Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (finding appellant's issues

---

[5] After a PCRA court denies relief, a petitioner may, after obtaining new counsel or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal. *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021).

waived where "[Rule] 1925(b) statement simply declared, in boilerplate fashion, that the evidence was insufficient to support his conviction").

Instantly, Diaz generically stated the following in his Rule 1925(b) statement:

> Was [Diaz] denied effective assistance of counsel when PCRA counsel failed to allege all prior counsel were ineffective for failing to present a challenge to the sufficiency and/or weight of the evidence on direct appeal?

Pa.R.A.P. 1925(b) Statement, 9/30/24, at 2. Diaz did not identify the specific convictions he sought to challenge, nor did he identify any element of those offenses that he believes were not proven beyond a reasonable doubt. Consequently, Diaz has waived his layered ineffectiveness claim relating to appellate counsel's failure to challenge the sufficiency of the evidence on direct appeal. **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106-07 (Pa. Super. 2020) (finding waiver due to blanket statement in Rule 1925(b) statement that there was "insufficient evidence to sustain a verdict of guilty of each charge in the case"); **Garland**, 63 A.3d at 344 (sufficiency claim waived where appellant's Rule 1925(b) statement "simply provided a generic statement stating '[t]he evidence was legally insufficient to support the convictions'").[6]

_____

[6] Even if Diaz had not waived this claim, we would find it meritless. In its opinion issued in connection with Diaz's nunc pro tunc direct appeal, the trial court thoroughly addressed the sufficiency of the evidence supporting Diaz's convictions. Following a detailed review of the evidence adduced at trial, **see** Trial Court Opinion, 5/20/21, at 3-20, the court concluded that the Commonwealth's evidence, which included intercepted telephone calls and text messages, undercover drug buys, and testimony from a co-conspirator, was sufficient to support Diaz's convictions. We adopt the court's analysis in finding Diaz's sufficiency claim to be without merit.

Diaz also submits that PCRA counsel was ineffective for failing to allege that all prior counsel were ineffective for failing to properly preserve and present a challenge to the weight of the evidence on direct appeal. To satisfy the arguable merit prong of a claim that counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence, the petitioner "must demonstrate that the verdict was against the weight of the evidence such that counsel may be deemed ineffective in failing to file the post-sentence motion." ***Commonwealth v. Smith***, 181 A.3d 1168, 1186 (Pa. Super. 2018) (citation omitted). When there is no merit to the underlying weight of the evidence claim, a PCRA petitioner is not entitled to relief on a claim that trial counsel was ineffective in failing to file a post-sentence motion to preserve the weight claim for appeal. ***Id.*** at 1187.

Our Supreme Court has explained:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. When a trial court considers a motion for a new trial based upon a weight of the evidence claim, the trial court may award relief only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. . . .

At trial, the jury [is] the ultimate fact-finder and the sole arbiter of the credibility of each of the witnesses. Issues of witness credibility include questions of inconsistent testimony and improper motive. A jury is entitled to resolve any inconsistencies in the Commonwealth's evidence in the manner that it sees fit.

*Commonwealth v. Jacoby*, 170 A.3d 1065, 1080-81 (Pa. 2017) (citations and quotation marks omitted).

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013), quoting *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (emphasis and citations omitted).

Here, we begin by noting that the PCRA court failed to address Diaz's weight claim in its Rule 1925(a) opinion, which incorporated the court's Rule 907 "Order and Notice of Intent to Dismiss." Because appellate review of a weight claim is limited to whether the trial court abused its discretion in ruling on the weight claim, *Clay*, *supra*, we normally would be constrained to remand the case to the PCRA court for review of the claim in the first instance. *See Commonwealth v. Ragan*, 653 A.2d 1286 (Pa. Super. 1995) (where appellant challenged weight of evidence but trial court did not address issue,

we could not take silence as implicit denial of claim but were required to remand for proper consideration). However, remand is unnecessary where we conclude Diaz has waived the claim by failing to properly brief the issue on appeal.

In the argument section of his brief, Diaz conflates his sufficiency and weight claims. Diaz's only attempt to reference the legal standard for a weight claim consists of the following statement, unsupported by reference to case law: "Based on the reading of the record, the lower court's reaching a 'pattern of racketeering activity' in regards (sic) to [] Diaz should shock the conscience of this [C]ourt, being, at trial it was determined [] Diaz had a **'limited partnership'** with Rivera." Brief of Appellant, at 40 (emphasis in original). Diaz includes no other discussion of the legal standards applicable to a weight claim or their application to the facts of the case, and the remainder of his argument focuses exclusively on the Commonwealth's alleged failure to prove a pattern of racketeering activity—a claim sounding in sufficiency and not weight. Where an appellant fails to present a claim with citations to relevant authorities or fails to develop an issue in a meaningful fashion capable of appellate review, the claim is waived. ***Commonwealth v. Wilson***, 147 A.3d 7, 14 (Pa. Super. 2016). "Although this Court is willing to construe liberally materials filed by a pro se litigant, a pro se appellant enjoys no special benefit." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017). "This Court will not act as counsel and will not develop arguments on

behalf of an appellant." *Id.* Accordingly, Diaz has waived his ineffectiveness claim regarding the weight of the evidence.

Diaz next alleges that trial counsel, Attorney Gurwitz, was ineffective for failing to object to "prejudicial testimony and jury instructions." Brief of Appellant, at 4. This claim is also waived. Rule 1925(b) requires that an appellant's concise statement of errors complained of on appeal "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). A concise statement that "is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no concise statement at all." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1038 (Pa. Super. 2018) (citation and unnecessary capitalization omitted). Where a Rule 1925(b) statement fails "to identify with sufficient detail the issues to be raised on appeal, . . . those issues are waived." *Commonwealth v. Parrish*, 224 A.3d 682, 701 (Pa. 2020).

Here, Diaz's Rule 1925(b) statement raised the following claim: "Was Attorney Gurwitz ineffective for failing to object to prejudicial testimony and jury instructions?" Pa.R.A.P. 1925(b) Statement, 9/30/24, at ¶ I. Diaz failed to identify which testimony he believed to have been prejudicial and which jury instruction he found objectionable. Because Diaz's Rule 1925(b) statement was too vague to allow the trial court to discern the actual basis for his claims, he has waived them.

Moreover, in the argument portion of his brief, Diaz refers to certain hearsay testimony purportedly offered by Detective Pasquale Leporace, which Diaz believes Attorney Gurwitz should have filed a motion in limine to exclude or objected to at trial. However, not only does Diaz fail to reproduce the testimony in question, he also fails to direct us to the place in the trial transcripts where the testimony may be found. *See* Pa.R.A.P. 2119(c) ("If reference is made to . . . any [ ] matter appearing in the record, the argument must set forth . . . a reference to the place in the record where the matter referred to appears[.]"). It is an appellant's duty to present arguments that are sufficiently developed for our review. *See Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023). "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim." *Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014). If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. *See Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (failure to support claim with factual background and citations to record represented "serious deviations from the briefing requirements of the Rules of Appellate Procedure," waiving review of claim) (citation omitted). Because the deficiencies in Diaz's brief hinder our ability to perform meaningful appellate review, this claim is waived.

Diaz next asserts that the Commonwealth committed misconduct at trial when it failed to disclose the existence of *Brady* material, in the form of a

purported plea agreement with co-defendant Nelson Rivera, Jr., and when it "illegally tracked Diaz." Brief of Appellant, at 4. With regard to the alleged Rivera plea agreement, Diaz proffered an affidavit dated August 23, 2023, and signed by co-defendant Roberto Ortiz. In the affidavit, Ortiz averred that, while he and Rivera were imprisoned on the same cell block between November 2017 and April 2018, Rivera told him that his lawyer had gotten him a "county bid," with a sentence of one year less one day to two years less one day, in exchange for testifying against Diaz. *See* Ortiz Affidavit, 8/23/23, at ¶ 15. Ortiz stated that Rivera told him the district attorney had "put it in stone" with Rivera's lawyer, but that Rivera needed to keep quiet about the agreement so as not to "get his lawyer in trouble[.]" *Id.* Ortiz averred that, in or about April 2018—which was prior to Diaz's trial—Ortiz informed Diaz of Rivera's plans to testify against him in exchange for leniency in sentencing. *See id.* at ¶¶ 15-18.

> 18. At this point, I told [Diaz] everything that [] Rivera had been telling me from day one. I told him about all the conversations, and what Rivera intended to do to him, if [Diaz] went to trial. I told him about how much time Rivera told me he was going to get. I explained to him that this was why I had been trying to talk him out of going to trial. [Diaz] became very upset, and started cursing me out, asking me why I never said anything until after Rivera was gone [from the cellblock].

*Id.* at ¶ 18. Diaz asserts that the Commonwealth was required to disclose to him Rivera's purported plea agreement where Rivera was a key witness for the prosecution. This claim is waived.

Under the PCRA, a claim is waived if "the petitioner could have raised it but failed to do so before trial, at trial, . . . on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Here, Diaz's own evidence—the Ortiz affidavit—demonstrates that Diaz was aware of Rivera's alleged plea agreement with the Commonwealth prior to his trial. His failure to raise the issue in an earlier proceeding results in waiver of the claim.[7] **See id.**

Diaz also claims that the Commonwealth committed misconduct by withholding information regarding "the manners in which[ Diaz] had been tracked and traced." Brief of Appellant, at 95. He argues that the Commonwealth "violated [its] discovery obligations because [it] intentionally withheld the evidence, which would have shown the illegalities that prevented [Diaz] from mounting a valid challenge to the search warrants in this case." **Id.** at 96. Diaz alleges that the Commonwealth "violated the warrant provisions of Nelson Rivera, and illegally used location services without a proper warrant for [Diaz], specifically called 'Location Smart' or 'Stingray.'" **Id.** at 95. He has waived this claim.

---

[7] We note that, at trial, Rivera was questioned on both direct and cross-examination regarding his motives for testifying against Diaz. Rivera testified that he was "[p]raying [to] get a lesser sentence" but that "[n]one has been promised yet." N.T. Trial (Vol. I), 6/6/18, at 291. When asked directly whether anything specific had been promised to him in return for his testimony, Rivera responded that "[n]othing [had] been promised to [him] at all." **Id.**

Diaz's convoluted argument on this claim consists of bald statements, without citations directing us to the portions of the record in which the factual underpinnings of his claim appear. Indeed, it is unclear what specific evidence Diaz believes should have been turned over to the defense. As previously noted, "[i]t is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim." **Samuel**, 102 A.3d at 1005. Because we are unable to conduct meaningful appellate review of this claim, it is waived. **Gould**, **supra**.

Next, Diaz claims that Attorney Gurwitz rendered ineffective assistance where he failed to "adequately investigate, uncover[,] and utilize evidence to impeach and rebut Commonwealth witness Nelson Rivera[, Jr.,] and failed to obtain[] a cautionary instruction with regard to [Rivera's] credibility." Brief of Appellant, at 4. This claim is waived.

Here, rather than discussing the issue raised in his statement of the questions involved, Diaz devotes the entirety of his argument on this claim to issues related to purported hearsay testimony by Detective Leporace that he asserts went unobjected to by Attorney Gurwitz. This claim is not "stated in the statement of questions involved," nor is it "fairly suggested thereby." Pa.R.A.P. 2116(a). Accordingly, it is waived. **See id.**

Finally, Diaz asserts that trial counsel failed to object to an improperly calculated "illegal" sentence.[8] Specifically, Diaz claims that his OGS for delivery of cocaine should have been an 8 rather than a 10, where the Commonwealth only proved delivery of 25 grams of the drug. **See** Brief of Appellant, at 132-33. Diaz has waived this claim.

Here, Diaz did not include this sentencing claim in his pro se PCRA petition. As permitted by **Bradley**, Diaz first raised the claim in his response to the PCRA court's Rule 907 notice as a layered claim of ineffectiveness, i.e., that PCRA counsel was ineffective for failing to raise the issue of trial counsel's failure to object to the weight assigned to the cocaine for OGS purposes. However, in his appellate brief, Diaz abandons his layered claim of ineffectiveness and frames the issue solely as one of trial counsel's ineffectiveness. Because Diaz did not raise this claim in his PCRA petition, it is waived. **See Commonwealth v. Wallace**, 724 A.2d 916, 921 n.5 (Pa. 1999) (holding failure to raise claim in PCRA petition waives claim for purposes of appellate review).

Order affirmed.

---

[8] We note that a challenge to the offense gravity score ("OGS") applied at sentencing implicates the discretionary aspects of a sentence and not its legality. **Commonwealth v. Sunealitis**, 153 A.3d 414, 420 (Pa. Super. 2016).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2025